was no attempt to secure the attendance of witnesses to those facts, and no affidavit that this was newly discovered evidence, or that similar evidence could not have been produced at the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318–2323; Dec. Dig. § 939.*]

2. CRIMINAL LAW (§ 796*)—TRIAL—INSTRUCTIONS.

Unless there is evidence that accused is of good character, and has not been before convicted of a felony, a charge on the suspended sentence law is properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1928–1934; Dec. Dig. § 796.*]

3. CRIMINAL LAW (§ 1053*)—APPEAL —QUESTIONS PRESENTED.

A bill of exceptions to the overruling of a motion for new trial does ont present for review the errors urged as grounds, but those errors must be presented by bills duly reserved during trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2661, 2665; Dec. Dig. § 1053.*]

Appeal from District Court, Lamar County; Ben H. Denton, Judge.

John Walker was convicted of pursuing the business of selling intoxicants in local option territory, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted for pursuing the business of selling whisky in local option territory; his punishment being assessed at four years in the penitentiary.

The evidence for the state is sufficiently strong to sustain the conviction. We deem it unnecessary to go into a statement of the evidence.

[1] Appellant alleges he has newly discovered testimony to the effect that Bill Bailey, who resides in Lamar county, would testify that defendant had worked for him and he knows defendant to be a sober, peaceable, law-abiding citizen; that Floyd Green lives at Holland, Tex., and would testify he knows the defendant, who has worked for him, to be a peaceable, law-abiding citizen; he alleges that Green's testimony would be material, in that the district attorney argued that it was material and that defendant should have introduced it; that now the defendant asks that he be permitted to introduce said witness in his behalf; that affidavits of said witnesses cannot now be procured, owing to the distance they live, in the short time defendant has in which to file this motion for new trial. There was no attempt, either before or after the motion for new trial, to obtain these witnesses, so far as the record is concerned, and the defendant, and no one for him, swears that this was newly discovered evidence, nor does it show that he could not have had the testimony, or similar testimony, before the jury; that is, that his reputation was that of a quiet, peaceable man, and law-abiding citizen. Usually this character of testimony would not be material; but, inasmuch as appellant filed a request to have the suspended sentence law given in charge to the jury, it would have become material had it been present, and may have been ground for a motion for new trial had he made proper showing to the court that the witness would have so testified, and that it was in fact newly discovered testimony. There was no evidence to support this phase of his request to have the court to submit the suspended sentence law to the jury. This is in no way verified, and therefore cannot be considered.

[2] The second ground is that the court erred in not charging the suspended sentence law. A bill of exception is taken to this action of the court, or rather to the action of the court in overruling this ground of the motion. This would hardly be sufficient to verify it, but the court qualifies the bill by stating that there was no evidence introduced in support of this request, and, as we understand the evidence, his reputation as being a law-abiding citizen is not sustained by any evidence before the jury. In fact, as we understand the record, there was no evidence before the jury either as to his good character and reputation or the fact that he had never been previously convicted of a felony. As this matter is presented, we do not think there was any error.

[3] The bills of exceptions found in the record were taken to the action of the court in overruling the three grounds of the motion for new trial; a separate bill being reserved to each one of the grounds specified. A bill of exceptions to the overruling of the motion does not present the question for revision. These exceptions should have been taken to the action of the court in regard to the matters as they occurred. Conceding that the bills were properly presented, yet, under the circumstances stated, there is no such error shown as requires a reversal.

The judgment is therefore ordered to be affirmed.

---

BUCKINGHAM v. STATE.

(Court of Criminal Appeals of Texas. Feb. 18, 1914.)

APPEAL AND ERROR (§ 688*) — APPEAL — NECESSITY OF BILLS OF EXCEPTION.

Where there was no bill of exceptions reserved to the misconduct of spectators during the trial, and nothing to verify the allegation thereof in the motion for new trial, which was not sworn to, the matter could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2894–2896; Dec. Dig. § 688.*]

Appeal from Gregg County Court; J. H. McHaney, Judge.

Eugene Buckingham was convicted of crime, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. This record is before us without a statement of facts or bill of exceptions.

The motion for new trial alleges that the court erred in overruling his motion to quash the information. The information seems to be in such form as has been approved by this court in previous cases.

The second ground is because of misconduct of spectators in the courtroom during the trial of the cause, in this, that, while counsel in the private prosecution was making his closing argument, some of said spectators made a great demonstration tending to show, in the presence of the jury, that public sentiment was highly in favor of conviction; that there was clapping of hands and cheering in favor of the prosecution, done in a manner highly calculated to influence and prejudice the jury against the defendant.

The third is that the verdict is contrary to the law and the evidence.

There was no bill of exceptions reserved to the alleged misconduct of the spectators during the trial, and nothing to verify it in any way, except the simple allegation in the motion for new trial. This is not even sworn to. As this matter is presented, we are unable to revise it.

The judgment is affirmed.